UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
FLORENCE KAGONYERA,                     )
                                        )   No. C16-1730RSL
                    Plaintiff,          )
        v.                              )   ORDER GRANTING IN PART
                                        )   DEFENDANT'S MOTION FOR
SELECT PORTFOLIO SERVICING, *et al.*,   )   SUMMARY JUDGEMENT
                                        )
                    Defendants.         )
_____)

This matter comes before the Court on "Defendant Select Portfolio Servicing, Inc.'s Motion for Summary Judgment." Dkt. # 12. Plaintiff asserts contract, tort, and statutory claims against the servicer of her mortgage loan. Although many of plaintiff's claims are based on the servicer's failure to comply with the terms of a 2013 short sale letter, she also alleges other wrongs, such as a failure to ensure that plaintiff had an opportunity to modify her loan and the imposition of unwarranted fees, in support of her tort and Consumer Protection Act claims. Defendant seeks judgment as a matter of law on all of plaintiff's claims.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that

show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014). In essence, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Inferences drawn must be reasonable, and where the non-moving party's testimony "has been irrefutably contradicted by documentary evidence, [it] is inherently incredible." Walker v. Peters, 863 F. Supp. 671, 672–73 (N.D. Ill. 1994). Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. BREACH OF CONTRACT**

For purposes of this motion, the Court assumes that the August 20, 2013, letter indicating that "SPS is willing to accept $139,500.00 in certified funds for a full and complete satisfaction of the mortgage loan" was an offer. Decl. of Sam Addai (Dkt. # 4), Ex. A. The offer was not accepted within the time frame specified in the letter, however, and no binding contract was formed. If, as plaintiff argues, the servicer failed to comply with its statutory obligations to

provide notice of default and to assist a borrower in modifying her loan, her remedy may lie under the statutes that impose those obligations. The Court will not, however, infer the existence or terms of a contract simply because defendant may have owed a duty to plaintiff. Based on the existing record, defendant is entitled to judgment as a matter of law on plaintiff's contract claim.

Plaintiff requests additional time in which to conduct discovery regarding communications between the parties and to obtain expert testimony regarding the relevance of the Washington State Department of Financial Institutions' determinations in this matter.[1] Plaintiff has not shown how the evidence she seeks would give rise to a contract given the facts of this case. The request for a continuance under Fed. R. Civ. P. 56(d) is therefore DENIED.

**B. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

The implied covenant of good faith and fair dealing "obligates the parties to cooperate with one another so that each may obtain the full benefit of performance." Badgett v. Sec. State Bank, 116 Wn.2d 563, 569 (1991). The duty relates only to performance of the terms of an existing contract: there is no "free-floating" duty of good faith that attaches during negotiations or that injects new substantive obligations into the contract. Id. at 569-70. Plaintiff does not identify any provision of the mortgage note or deed of trust that was breached or thwarted. As discussed above, the parties never reached a meeting of the minds regarding a modification of the note or a short sale of the property. Rather, plaintiff argues that defendant breached the obligation of good faith and fair dealing when it failed to assist her in obtaining a modification or short sale agreement. Plaintiff's claim relates to the negotiation of the modification agreement

---

[1] On September 17, 2015, the Department of Financial Institutions cited defendant for sending insufficient notices of default to plaintiff in apparent violation of the Deed of Trust Act and the Consumer Protection Act. Defendant disputed the factual findings underlying the determination, arguing that the notices it sent to plaintiff in June 2014 and May 2015 were breach/right to cure letters, not the statutorily required notices of default. The Department upheld some of its findings and reversed others. Defendant's "Motion for Leave to Supplement Summary Judgment Record" (Dkt. # 21) with the Department's September 11, 2017, letter is GRANTED.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT        -3-

(or, more accurately, the failure to negotiate such a contract), not its performance. The duty of good faith and fair dealing is therefore inapplicable and this variant of plaintiff's contract claim fails as a matter of law.

**C. TORT CLAIMS**

Plaintiff alleges that defendant was negligent in servicing her loan, negligently inflicted emotional distress on her, committed the tort of outrage, negligently hired, trained, and supervised its employees, and defamed plaintiff. In its motion, defendant argued that these claims were time-barred because they "appear to be premised on the Short Sale Letter, which was faxed to Ms. Kagonyera's representative in September 2013." Dkt. # 13 at 5-6. All tort claims that are based on the improper addressing of the short sale letter, the expiration of the offer contained therein, and/or defendant's alleged refusal to reveal the terms of the short sale offer to plaintiff's representative before the offer expired[2] are untimely. Plaintiff's tort claims are not, however, based solely on the short sale letter or the communications surrounding the letter. Plaintiff's negligence claims, for example, are based in part on defendant's continuing failure to review and process her loan modification application. Her defamation claim is based on defendant's inaccurate report to the credit reporting services that she was in default. Some of these activities occurred within the applicable statutes of limitation: to that extent, these claims may proceed.

In reply, defendant argues for the first time that there is no evidence that it was negligent in handling plaintiff's modification application, that plaintiff was not in default, and/or that its reports to the credit bureaus were inaccurate. Defendant did not move for summary judgment on the ground that plaintiff could not prove her claims, however. Plaintiff responded to defendant's

---

[2] To the extent Mr. Addai's statements regarding his communications with defendant have been contradicted by the recordings made of those conversations, his statements have been disregarded and do not give rise to a genuine dispute of fact.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT          -4-

timeliness argument by pointing out that her tort claims are based on actions that occurred within the limitations period. Plaintiff was not put to the task of proving her substantive claims because defendant did not meet its initial burden under Celotex Corp., 477 U.S. at 323-324. The substantive challenges raised in reply have not been considered.

Defendant also argues that plaintiff's tort claims fail because she cannot show damages or causation. According to defendant, any and all damages claimed in this action were the result of plaintiff's failure to make timely payments on her mortgage, not defendant's actions. If plaintiff is able to show that defendant failed to satisfy its statutory or common law duties or falsely publicized that she had defaulted on her loan, she may be able to establish damages causally related to defendant's actions.

**D. STATUTORY CLAIMS**

Plaintiff has asserted claims under the Washington Consumer Protection Act ("CPA") and the Real Estate Settlement Procedures Act ("RESPA"). For purposes of the CPA claim, plaintiff alleges that defendant engaged in deceptive practices by failing to cure known problems with its accounting and notification systems, failing to adequately hire/train employees in how to assist customers in loss mitigation efforts, imposing unwarranted and unfair fees on borrowers, and withdrawing their offer of a short sale. Defendant's only argument regarding the CPA claim is that plaintiff is unable to show that the allegedly deceptive practices caused her injury to business or property. If, however, defendant engages in sham loss mitigation efforts by making offers that it sends to incorrect addresses and/or imposes unwarranted fees on borrowers' accounts, plaintiff may be able to establish damages causally related to those actions.

Plaintiff's RESPA claim is based on defendant's use of an incorrect address to send the short sale letter and subsequent refusal to abide by the terms of the offer contained therein. As discussed above, defendant was not bound by the terms set forth in the letter, and plaintiff offers no theory under which its subsequent refusal to abide by those terms constitutes a RESPA

violation. With regards to the use of an incorrect address resulting in a lack of notice, the facts regarding the alleged lack of notice were known by September 2013. The RESPA claim is subject to a three year statute of limitations, which expired before plaintiff filed this lawsuit in November 2016. The RESPA claim is, therefore, time-barred.

For all of the foregoing reasons, defendant's motion for summary judgment (Dkt. # 12) is GRANTED in part. Plaintiff's breach of contract, breach of the duty of good faith and fair dealing, and RESPA claims fail as a matter of law and are DISMISSED. Plaintiff's tort claims based on the improper addressing of the short sale letter, the expiration of the offer contained therein, and/or defendant's alleged refusal to reveal the terms of the short sale offer to plaintiff's representative before the offer expired are barred by the applicable statutes of limitation. Plaintiff's other tort claims and the CPA claim may proceed.

Dated this 4th day of December, 2017.

Robert S. Lasnik
United States District Judge